1
2
3
4            **UNITED STATES DISTRICT COURT**
5               **DISTRICT OF NEVADA**
6
7    NASSER GHANEM,                           )
8                    Plaintiff,              )      Case No.  2:15-cv-01551-RFB-CWH
                                             )
9    vs.                                     )      **ORDER**
                                             )
10   THE ADT CORPORATION, et al.,            )
11                   Defendants.             )
     _____)
12

13          Presently before the Court is Defendant ADT LLC's Motion to Stay Discovery (ECF No.

14   12), filed on November 16, 2015.  Plaintiff Nasser Ghanem filed a response (ECF No. 13) on

15   November 17, 2015.  Defendant did not file a reply.

16   **I.      BACKGROUND**

17          This action arises out of a dispute regarding a contract for home security alarm monitoring

18   services between Plaintiff and Defendant.  Plaintiff alleges he had a security system installed inside

19   his home, which is located in the guard-gated grounds of the Las Vegas Country Club, and that he

20   entered into a contract with Defendant for security monitoring services.  (Pet. for Removal (ECF

21   No. 1), Ex. A at 8.)  Plaintiff alleges that his home was burglarized on March 18 and March 21,

22   2015.  (*Id.* at 8-12.)  According to Plaintiff, he was away from his home at the time of both

23   burglaries.  (*Id.* at 8, 11.)  On the date of the first burglary, Plaintiff received two telephone calls

24   from Defendant spaced a couple of hours apart—one stating that the motion sensor alarm in his

25   home had been activated and the other stating that the front door alarm had been activated—but

26   that Defendant determined that they were either mechanical malfunctions or false alarms and

27   therefore reset the alarms and did not call the police.  (*Id.* at 8.)  When he returned home, Plaintiff

28   found that burglars had forcibly entered his home, accessed his safe and armoire, and had stolen

1    jewelry, currency, memorabilia, artwork, and other valuables worth in excess of $1.8 million.  (*Id.*

2    at 9-11.)  Three  days later, the burglars returned to Plaintiff's home and stole additional items.  (*Id.*

3    at 11-12.)

4         Plaintiff contends that numerous other homes in the Las Vegas Country Club had been

5    burglarized in between January and March 18, 2015, and that Defendant was on notice of the string

6    of burglaries because some of these homes had security systems installed and serviced by

7    Defendant.  (*Id.* at 12.)  Plaintiff further contends that despite this notice, Defendant concluded the

8    alarms in Plaintiff's home were due to mechanical malfunctions.  (*Id.*)  Plaintiff brings claims for

9    negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing

10   against Defendant.  (*Id.* at 12-14.)

11        Defendant removed the case from state court to this Court on August 13, 2015.  (Pet. for

12   Removal (ECF No. 1).)  Defendant filed a motion to dismiss (ECF No. 4) on August 20, 2016.

13   Defendant now moves to stay discovery pending the outcome of the motion to dismiss, arguing that

14   the motion is case-dispositive and that discovery is therefore unnecessary.  Plaintiff responded that

15   he did not oppose a short stay of discovery until no later than December 31, 2015, however,

16   Plaintiff does not provide any argument or authority explaining why a longer stay of discovery

17   pending the outcome of the motion to dismiss would be inappropriate.

18   **II.    ANALYSIS**

19        The Federal Rules of Civil Procedure do not provide for automatic stays of discovery when

20   a potentially dispositive motion is pending.  *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598,

21   600-01 (C.D. Cal 1995) (stating that a stay of discovery is directly at odds with the need for

22   expeditious resolution of litigation).  Thus, the fact that a dispositive motion is pending is not "a

23   situation that in and of itself would warrant a stay of discovery."  *Turner Broad. Sys., Inc. v.*

24   *Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted).  Nor does the fact that

25   "discovery may involve some inconvenience and expense" automatically warrant a stay of

26   discovery.  *Id.*  Rather, the Court weighs Rule 1's directive that the Federal Rules of Civil

27   Procedure must "be construed and administered to secure the just, speedy, and inexpensive

28   determination of every action" against "the underlying principle that a stay of discovery should only

1    be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief."

2    *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).  The party seeking the stay

3    "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner*

4    *Broad. Sys., Inc.*, 175 F.R.D. at 556.

5         In determining whether to stay the discovery, the Court considers whether  (1) the pending

6    motion is potentially dispositive of the entire case or at least dispositive of the issue on which

7    discovery is sought, and (2) the pending potential dispositive motion can be decided without

8    additional discovery.  *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506

9    (D. Nev. 2013).  This analysis requires the Court to take a "preliminary peek" at the merits of the

10   pending dispositive motion.  *Tradebay*, 278 F.R.D. 597 at 603.  It is within the Court's broad

11   discretion to control discovery to determine whether a stay of discovery is appropriate.  *Little v.*

12   *City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

13        Here, the Court took a "preliminary peek" at the pending motion to dismiss and finds that

14   Defendant makes the strong showing necessary to support the requested stay.  In the motion to

15   dismiss, Defendant argues that all of Plaintiff's claims fail as a matter of law because when

16   Plaintiff entered into his contract with Defendant for home security alarm monitoring services,

17   Plaintiff agreed to waive any claims against Defendant, including claims for breach of contract and

18   negligence.  Defendant further argues that contract included a liquidated damages clause limiting

19   Plaintiff's damages to $250.  Alternatively, Defendant argues that Plaintiff's breach of contract

20   claim fails because Plaintiff does not identify a contractual clause that was breached, that his

21   negligence claim fails because Defendant did not owe a common-law duty to provide security

22   alarm services, and that his breach of the implied covenant of good faith and fair dealing claim fails

23   because it is duplicative of his breach of contract claim.  Although Plaintiff responds that the

24   exculpatory clause is ambiguous and therefore unenforceable and that his claims are sufficiently

25   plead to survive dismissal, the Court finds that the pending motion to dismiss is at least potentially

26   dispositive of the entire case.  Additionally, neither party argues that additional discovery is

27   necessary to resolve the motion to dismiss.  The Court therefore will grant Defendant's motion to

28   stay discovery.

**III.   CONCLUSION**

IT IS THEREFORE ORDERED that Defendant ADT LLC's Motion to Stay Discovery (ECF No. 12) is GRANTED.  Discovery is stayed pending the outcome of the motion to dismiss (ECF No. 4).

IT IS FURTHER ORDERED that if the district judge denies the motion to dismiss, the parties must meet and confer and file a proposed discovery plan and scheduling order within 14 days from the date of the order denying the motion to dismiss.  The proposed discovery plan and scheduling order must comply with LR 26-1(e), with discovery deadlines measured from the date of the order on the motion to dismiss.

DATED: March 2, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4