UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NASSER GHANEM, | Case No. 2:15-cv-01551-RFB-CWH |
| Plaintiff, | ORDER |
| v. | |
| ADT CORPORATION, *et al.*, | |
| Defendants. | |

## I.      INTRODUCTION

Before the Court is Defendants' Motion to Dismiss. ECF No. 4. This case arises from losses to Plaintiff Nasser Ghanem as a result of two separate break-ins at Plaintiff's home in Las Vegas. For the reasons stated below, the Court DENIES Defendants' Motion.

## I.      BACKGROUND

### a.   Factual Allegations

Plaintiff alleges the following in his Complaint. ECF No. 1. Plaintiff owns and resides at 3000 Joe W. Brown Drive, Las Vegas, NV 89109. Compl. ¶ 6. Plaintiff has a home security system installed in his home through Defendant ADT, with whom he has entered into a contract for security services. Id. ¶ 9-10. Plaintiff's security system was in use and services paid for at the time of the events described below.

On March 18, 2015, Plaintiff was away from his home when it was burglarized between 10:30 and 11:00 pm. ¶ 13, 16. Around the time of the burglary, Defendants called Plaintiff. ¶ 17. Plaintiff learned that motion-sensing alarm at his home had been activated, and a company representative was sent to his home. ¶ 19, 20. The representative concluded the alarm was set off due to a mechanical malfunction, or was a false alarm. ¶ 21. ADT reset the alarm. ¶ 22. Plaintiff

voiced concern that the alarm may not have been a false alarm and asked how Defendants came to their conclusion, but Defendants simply ensured Plaintiff that the alarm was a false alarm or mechanical malfunction. ¶ 23, 24.

A couple hours later, past midnight and into March 19, 2015, Plaintiff received a second phone call from Defendants' representative informing Plaintiff the front door alarm had been activated, but that they believed this to be another mechanical malfunction or false alarm and had reset the alarm. ¶ 25-28. Plaintiffs again voiced his concern that the alarm was not a false alarm, stated that he believed there may be unauthorized individuals in the home, and advised Defendants to call the police. ¶ 29-32. Defendants stated that calling the police was unnecessary. ¶ 33.

On the morning of March 19, 2015, Plaintiff returned home and based on his observations, determined that burglars had entered his home through the storeroom door next to the front door of his residence. ¶ 34-39. Plaintiff believed the burglars entered his bedroom, accessed the safe located in inside, and stole numerous items from the safe. ¶ 40-47. The Plaintiff believes that the burglars left through the front door, which triggered the alarm, and exited the home via the golf course located adjacent to the house. ¶ 48-50.

On March 31, 2015, while Plaintiff was away, burglars again entered his home and stole various items. ¶ 51.

Plaintiff alleges the following causes of action: 1) Negligence; 2) Breach of Contract; and 3) Breach of the Implied Covenant of Good Faith and Fair Dealing.

### b. Procedural History

This case was removed on August 13, 2015. ECF No. 1. Defendants filed a Motion to Dismiss on August 20, 2015. ECF No. 4. A scheduling order has not been set.

## II.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and

are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a pro se complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal citations and quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), the district court's review is limited to the complaint itself; the court does not decide at this stage whether the plaintiff will ultimately prevail on her claims, but rather whether he or she may offer evidence to support those claims. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, two exceptions to this rule

1   exist. First, the court may consider extrinsic material "properly submitted as part of the complaint,"

2   meaning documents either attached to the complaint or upon which the plaintiff's complaint

3   necessarily relies and for which authenticity is not in question. <u>Lee</u>, 250 F.3d at 688 (citation

4   omitted). Second, the court "may take judicial notice of matters of public record." <u>Id.</u> (citation and

5   internal quotation marks omitted).

7   **III.   DISCUSSION**

8   **A.  Exculpatory Provision Precludes Plaintiff's Claims**

9   First, Defendants argue that they are entitled to dismissal because the contract between

10  Defendants and Plaintiff includes an exculpatory clause, which, in the alternative, limits damages

11  to $250. Defendants represent that the clause states "DEALER SHALL BE EXEMPT FROM

12  LIABILITY FOR LOSS." Mot. Dismiss at 4. In response, Plaintiff argues that the release is

13  unenforceable because it is ambiguous, and that the parties did not intend the exculpatory provision

14  to restrict Defendant's liability.

15  In Nevada, courts resolve ambiguous release clauses "by examining the intentions of the

16  parties. To determine the parties' intentions, the credibility of their statements must be decided,

17  which should be an issue for consideration by the trier of fact." <u>Agric. Aviation Eng'g Co. v. Bd.

18  of Clark Cty. Comm'rs</u>, 794 P.2d 710, 713 (1990).

19  As an initial matter, the Court generally will not consider material beyond the pleadings at

20  this stage in the litigation. <u>See Lee</u>, 250 F.3d at 688. In this case, the contract between Defendants

21  and Plaintiff was not attached to the Complaint, but rather was attached to Defendants' Motion to

22  Dismiss. Mot. Dismiss, Ex. A. Plaintiff does not appear to contest the validity of this document.

23  Opp'n, n. 2.

24  Even if the Court were to consider the contract as an authenticated document, however, the

25  Court finds that the issue of whether the exculpatory provision precludes the Plaintiff's claims is

26  a question of fact requiring information not contained within the contract and beyond the pleadings

27  and that the Plaintiff can plausibly claim that this clause is not as broad as suggested by the

28  Defendant.

Therefore, the Court rejects Defendants' first argument, finding it inappropriate at this stage of the litigation.

## B.  Breach of Contract Claim Not Sufficiently Specific

Defendants argue next that Plaintiff's breach of contract claim fails because Plaintiff fails to specify which clause of the contract was breached, and therefore the claim fails. Plaintiff argues that he did not possess the actual contract at the time he filed his Complaint, but that at any event, Plaintiff alleges Defendants failed to provide the services he paid them for – security home alarm monitoring services.

In Nevada, "[b]asic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." May v. Anderson, 119 P.3d 1254, 1257 (Nev. 2005).  Breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." Bernard v. Rockhill Dev. Co., 734 P.2d 1238, 1240 (Nev. 1987).  A breach of contract claim under Nevada law requires (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach. Richardson v. Jones, 1 Nev. 405, 409 (1865); Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 899 (9th Cir. 2013) (citing Richardson).

Because Nevada law does not require that plaintiffs plead breach of contract by specifying the specific contract term(s) allegedly breached, the Court DENIES Defendants' motion with respect to Plaintiff's breach of contract claim.

## C.  Negligence Claim Fails For Lack of Duty

Third, Defendants argue that their actions constitute a violation of duties imposed by virtue of the contract, and not common law duties, as required by law. Plaintiff argues that Defendants breached a common law duty to Plaintiff, separate from the contract, by making false representations regarding the nature of Plaintiff's alarm activations after Defendants initiated communications with Plaintiff. Plaintiff argues that Defendants owed him a common law duty not to misinform or make negligent misrepresentations or false statements regarding the character of alarm activations at his home. Plaintiff further argues that it was foreseeable that he would rely upon the misinformation and suffer detriment as a result.

1    In Nevada, "to prevail on a negligence claim, a plaintiff must establish four elements: (1)

2 the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."

3 Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009). The existence

4 of a duty is "a question of law to be determined solely by the courts." Turner v. Mandalay Sports

5 Entertainment, LLC, 180 P.3d 1172, 1177 (Nev. 2008). Breach and proximate cause, however, are

6 generally questions of fact for the jury to decide. Foster v. Costco Wholesale Corp., 291 P.3d 150,

7 153 (Nev. 2012); Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001). While the tort of negligence

8 can be committed by parties to a contract, the alleged breach must be of a duty imposed by law

9 independent of any contractual duty. Bernard v. Rockhill Dev. Co., 734 P.2d 1238, 1240 (Nev.

10 1987).

11    The Nevada Court has previously found that ADT owed a duty of care to its client "not to

12 misrepresent the capabilities of the alarm system installed. Elizabeth E. v. ADT Sec. Sys. W., Inc.,

13 839 P.2d 1308, 1311 (Nev. 1992); see also 65 C.J.S. Negligence § 20 (1966) (special relationship

14 arising from contract can serve as basis for liability for economic or physical injury resulting from

15 reliance upon negligent misrepresentation)." While Defendants attempt to factually distinguish

16 Elizabeth from the instant case, arguing that the negligent statements made in Elizabeth were

17 "extracontractual," whereas here the representations made were premised on ADT's contractual

18 duty, the Court finds the Complaint alleges that Defendants made negligent, extracontractual

19 statements to Plaintiff during their phone calls after the alarms were activated. Compl. at 3-4.

20    Therefore, the Court finds that, based on the Complaint, Plaintiff has sufficiently plead a

21 negligence claim and DENIES Defendants' motion as to this claim.

**D.  Breach of Implied Covenant Claim Fails for Lack of Specificity**

23    Defendants last argue that Plaintiff's claim for breach of the implied covenant of good faith

24 and fair dealing fails because he failed to allege that Defendants complied with the literal terms of

25 the contract. However, the Court finds that Nevada law does not require such an allegation.

26    Rather, under Nevada law, an implied covenant of good faith and fair dealing exists in

27 every contract. See Pemberton v. Farmers Ins. Exch., 858 P.2d 380, 382 (Nev. 1993). "When one

28 party performs a contract in a manner that is unfaithful to the purpose of the contract and the

1  justified expectations of the other party are thus denied, damages may be awarded against the party

2  who does not act in good faith."  Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919,

3  923 (Nev. 1991).  Even in the absence of a breach of contract, a plaintiff may still recover damages

4  for breach of the implied covenant of good faith and fair dealing.  Id. at 922.

5       Defendants do not cite to any binding authority that a plaintiff must allege a defendant

6  complied with the literal terms of the contract. Rather, Nevada courts have held that "[w]here the

7  terms of a contract are literally complied with but one party to the contract deliberately

8  countervenes the intention and spirit of the contract, that party *can* incur liability for breach of the

9  implied covenant of good faith and fair dealing." Hilton Hotels, 808 P.2d at 922-23 (emphasis

10  added). However, this holding does not create a requirement that a plaintiff plead that the terms of

11  a contract were literally complied with.

12       The Court therefore DENIES Defendants' motion as to the breach of implied covenant of

13  good faith and fair dealing.

14

15  **IV.     CONCLUSION**

16  The Court therefore DENIES Defendants' Motion to Dismiss (ECF No. 4).

17

18  **DATED** April 26, 2016.

19                                                        _____

20                                                        **RICHARD F. BOULWARE, II**

21                                                        **UNITED STATES DISTRICT JUDGE**

22

23

24

25

26

27

28