J. Malcolm DeVoy
Nevada Bar No. 11950
DEVOY LAW P.C.
2575 Montessouri Street, Suite 201
Las Vegas, NV 89117
Telephone: 702-706-3051
Facsimile: 702-977-9359
jmd@devoylaw.com

Aaron K. Kirkland
(admitted *pro hac vice*)
Jennifer M. Cascio
(admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
akirkland@shb.com
jcascio@shb.com

*Attorneys for Defendant*
*ADT LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NASSER GHANEM, individually,<br><br>Plaintiff,<br><br>vs.<br><br>THE ADT CORPORATION, a foreign corporation; **ADT HOLDINGS**, a foreign corporation; **ADT LLC OF DELAWARE**, a foreign limited liability company; **DOES 1 THROUGH 25**; **ROE CORPORATIONS 1 THROUGH 25**, inclusive,<br><br>Defendants. | CASE NO. 2:15-cv-01551-RFB-CWH<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** |

    WHEREAS, Plaintiff Nasser Ghanem ("Ghanem," or the Plaintiff), and Defendant ADT LLC, sued in error as The ADT Corporation, ADT Holdings, and ADT LLC of Delaware (collectively "ADT," or the "Defendant"), believe that discovery conducted during this litigation may involve the disclosure of confidential documents or information;

WHEREAS, the parties, by, between, and among their respective counsel, having stipulated to the terms set forth below, and for demonstrated good cause, wish to provide for the confidential treatment of all such "confidential information," defined below;

WHEREAS, the Parties agree to the entry of a protective order pursuant to Federal Rules of Civil Procedure 26(c) and 29(b), and Federal Rule of Evidence 502, governing the review, copying, dissemination, and filing of "confidential information" and any documents containing "confidential information" produced by any party and its respective counsel, or by any non-party during discovery in this matter to the extent set forth below.

Based upon the parties' Stipulation, subject to the Court's approval and with good cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. "Confidential information" shall mean for purposes of this order (the "Protective Order") information or documents that are not publicly available from the producing party and are: (1) commercially sensitive; (2) private or personal; (3) proprietary; or (4) a trade secret.

2. The parties may designate any document or information produced by them as "confidential" by stamping the document or information to that effect prior to production.

3. If any party inadvertently discloses documents or information without the "confidential" designation that the party intended to mark "confidential," the provisions of this Protective Order will apply to said documents or information once such information and/or documents are identified by the producing party as "confidential," subject to the limitations of section 16, below. In addition, if any party inadvertently discloses documents or information that are subject to the attorney-client privilege, the work product doctrine, and/or constitute materials prepared in anticipation of litigation or trial ("Privileged Documents"), all receiving parties agree to return such documents and information (and all hard copies and/or electronic copies thereof) to the disclosing party immediately upon learning of their status as Privileged Documents and shall refrain from using or disclosing such documents and information in this action or for any other purpose.

4. All information and documents designated as "confidential" shall be accorded confidential status until such time as determined otherwise pursuant to the following provisions of the Protective Order, including section 16.

5. All "confidential information" shall be used only as evidence for this litigation, and shall not be used for any business, commercial or competitive purposes, shall not be published on the internet or in any publication, shall not be used to harass, embarrass or injure the producing party, and shall not be revealed, discussed or disclosed in any manner or in any form, to any person or entity except as authorized herein. Subject to the foregoing, such information may be disclosed to the following:

(a) The Court and Court personnel including court reporters retained by the parties;

(b) Counsel (including in-house counsel) representing the parties;

(c) An employee or agent of counsel representing the parties to whom it is necessary the material be shown for purposes of litigation;

(d) A party or officers, directors, agents or employees of a party who have the need to know such information for purposes of this litigation; and

(e) Experts or professional advisors and the persons regularly employed in their offices retained by a party to assist in the prosecution or defense or this action, but only to the extent necessary for such persons to perform their assigned tasks with this action.

6. All such use of "confidential information" by the persons listed above shall conform with the provisions of the Protective Order.

7. Information marked "confidential" shall not be shown or disclosed to persons described in Paragraph 5(d) and 5(e) until those persons shall be shown this Protective Order and sign a written agreement to be bound by the terms of this Protective Order, attached as Exhibit 1 hereto.

8. The original and copies of the signed agreement(s) shall be maintained in the possession, custody and control of counsel.

9. All persons who receive "confidential information" and/or material or information accorded the status of confidentiality in this action shall:

        (a)    Maintain the confidentiality of such material and information in accordance with the terms of this Protective Order; and

        (b)    Not release or disclose the "confidential information" or the nature, substance or contents thereof to competitors of the parties or others who would or could use it for their own benefit.

10.    Copies of disclosure statements, discovery responses and documents (including expert reports) containing "confidential information," shall not be filed with the court, except in accordance with paragraph 11-13 herein.

11.    In the event any document, exhibit, or any other submission by any party is filed with the Court that includes, incorporates or quotes "confidential information," such filings shall be submitted in sealed envelopes endorsed to the effect they are sealed pursuant to this Protective Order by reason of containing "confidential information," and otherwise be filed and served in accordance with Local Rules IA 10-5 and IC 4-1(c)(4). They shall be maintained under seal and not disclosed, except to the Court or upon further order of the Court.

12.    To the extent that any "confidential information" is used in the taking of depositions, such "confidential information" shall remain subject to the provisions of this Protective Order. At the time any "confidential information" is used in any deposition, counsel using the confidential information must inform the reporter of this Protective Order. The reporter shall operate consistently with this Protective Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing confidential information.

13.    The parties and their counsel may designate specific portions of depositions or other testimony concerning the documents contained therein as "confidential information" by:

        (a)    Stating orally on the record the day the testimony is given that the specific information that is expected to be "confidential;" and/or

        (b)    Sending written notice designating by page and line the portions of the transcript of the deposition or other testimony to be treated as "confidential" within ten days after receipt of the transcript.

14. The execution of this Protective Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

15. Failure by a party to challenge the confidentiality of any document or information at the time of receipt thereof shall not preclude a subsequent challenge thereto.

16. In the event a party to this litigation disagrees with the designation of any information as "confidential," the parties shall attempt to resolve the dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, the party seeking to designate the material as "confidential" may, by sealed motion complying with Local Rules IA 10-5 and IC 4-1(c)(4), and setting forth with specificity the items to be designated as "confidential" and the reason for such designation, seek an order designating them as "confidential" under this Protective Order. The party seeking the "confidential" designation of any information must bring a motion to so designate that information under this section 16 of this Protective Order within 30 days of the other party disputing the "confidential" designation. While any motion to designate material or information as "confidential" under this section is pending, the parties shall treat such information as if it were designated as "confidential" under this Protective Order until the further order of the Court. The party asserting the documents or other tangible litigation materials constitute confidential information bears the burden of proof that the terms of this Protective Order should apply. If the party does not bring such motion within 30 days, the information shall lose its "confidential" status.

17. Within 30 days of the conclusion of this litigation as to all parties, all materials designated as "confidential information," and all copies thereof, shall be destroyed or returned to counsel for the disclosing party and shall remain subject to the terms of this Protective Order. Counsel for the parties are responsible for retrieving from their retained experts all materials designated as "confidential information" and destroying or returning them.

18. The parties consent to the continuation of jurisdiction and venue of this Court to resolve any disputes arising from the treatment or disposition of materials designated as "confidential information" after conclusion of this litigation.

19. This Protective Order shall not be abrogated, modified, amended or enlarged except by agreement of the parties or by order of this Court, with notice given to each of the parties.

EXECUTED this 11th day of October, 2016.

By: /s/ Andre M. Lagomarsino
Andre M. Lagomarsino
Glen J. Harper
LAGOMARSINO LAW
3005 West Horizon Ridge Parkway
Number 241
Henderson, NV 89052
Telephone: 702-383-2864
Facsimile: 702-383-0065
aml@lagomarsinolaw.com
glen@lagomarsinolaw.com

*Attorneys for Plaintiff*
*Nasser Ghanem*

EXECUTED this 11th day of October, 2016.

By: /s/ J. Malcolm DeVoy
J. Malcolm DeVoy
Nevada Bar No. 11950
DEVOY LAW P.C.
2575 Montessouri Street, Suite 201
Las Vegas, NV 89117
Telephone: 702-706-3051
Facsimile: 702-977-9359
jmd@devoylaw.com

Aaron K. Kirkland, *Pro Hac Vice*
Jennifer M. Cascio, *Pro Hac Vice*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
akirkland@shb.com
jcascio@shb.com

*Attorneys for Defendant*
*ADT LLC*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: October 13, 2016

7778114

EXHIBIT 1

## ENDORSEMENT OF STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

I, _____, on behalf of myself and as an employee or _____ expert of _____, certify that I have received and read in its entirety the _____, 2016 Protective Order (the "Order") stipulated by the parties and ordered by the Court in *Ghanem v. The ADT Corporation et al.*, Case No. 2:15-cv-01551-RFB-CWH (the "Case"), which is pending before the United States District Court for the District of Nevada (the "Court"), and agree to be bound by its provisions.

I understand the terms and conditions of the Order, agree to comply with and be bound by all of its provisions, and consent the Court's jurisdiction with respect to enforcement of the Order, even if such enforcement proceedings occur after the Case is terminated. I further acknowledge that failure to comply with the terms or conditions of the Order could expose me to sanctions and punishment in the nature of contempt.

I agree that I shall not use or disclose any "confidential information," as defined in the Order, for any purpose other than as provided in the Order. I will maintain any "confidential information" in a safe and secure manner.

DATED this \_\_\_ day of _____, 201\_\_.

_____
Signature

_____
Printed Name

_____
Company

_____
City, State, and Zip Code

_____
Phone Number

7778114

1

AGREEMENT REGARDING PROTECTIVE ORDER